# Norton v. Schmidt.

Where a defendant has duly appealed to Court from the judgment of a Magistrate, a general appearance being entered by his counsel, and judgment has been entered for the plaintiff by the Court after service of a statement on the defendant under the rules of Court the Court will not open or strike off said judgment because the original service of the summons was not in accordance with the requirements of the Act of July 9, 1901.

MAGISTRATES—IRREGULAR SERVICE OF SUMMONS—
WAIVER OF BY APPEAL.

No. 22, August Term, 1902.   C. P. of Lancaster Co.

Rule to strike off or open judgment and set aside execution.

B. Frank Eshleman and H. Frank Eshleman, for rule.

A. H. Powden, Esq., contra.

Opinion by LANDIS, J., December 20, 1902.

This case, we think, requires little discussion.   It appears that suit was begun before an Alderman to recover the amount of an admittedly genuine promissory note held by the plaintiff against both the defendants.   Judgment was entered by the Magistrate for the plaintiff for $124.72, and an appeal was then taken by Mary Schmidt, for herself and Otto Schmidt.   That appeal was entered in this Court to April Term, 1902, No. 88. Plaintiff's statement was thereupon filed and served, in accordance with the rules of Court, on Mary Schmidt individually, and upon Otto Schmidt, by leaving a true attested and additional copy thereof at his residence with his wife, and, upon motion we then entered the judgment against both the defendants, which is now the cause of complaint.

The only question raised by counsel is, that the original service made by the Constable upon the defendants was, under the Act of 1901, P. L. 614, incorrect.   But this makes no difference, at this stage of the proceedings.   The defendants, after the service of the writ, appealed.   A general appearance was entered for them by counsel, and, even if the service was manifestly wanting in form, the defects therein were thus waived.